# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MARGARET CUSHING,

              Plaintiff,

    -against-

UBER TECHNOLOGIES, INC. and
UBER USA LLC,

              Defendants.

Civil Action No.:  1:22-cv-5542

**STIPULATED**
**PROTECTIVE**
**ORDER**

       Based upon the parties' stipulation and due to the belief that the discovery sought in this action may require production or disclosure of certain confidential, proprietary and/or sensitive information, which needs to be protected, it is ordered as follows:

       1.     The parties shall not disseminate, distribute, copy or disclose any documents, content of documents, or information designated as confidential ("Confidential Information") to any party, person, entity, or the like not involved in this litigation. The parties, however, may share such documents with their attorneys and expert witnesses ("Qualified Persons") subject to the terms of this protective order, and may use such documents in the course of this case only. The parties must return any confidential documents within 30 days of the conclusion of this litigation or, with the permission of the producing party, destroy all confidential documents with written certification of destruction provided to the producing party within 30 days of the conclusion of this litigation. In no event shall disclosure of Confidential Information be made to competitors of Defendant(s) or to any other person, corporation or entity who, upon reasonable and good faith inquiry could be determined to be employees of or consultants for a competitor of any defendant, irrespective of whether they are retained as an expert by counsel for Plaintiff.

       2.     If Confidential Information is used or marked as an exhibit in a deposition, or if deposition testimony discloses Confidential Information, counsel shall inform the deposing counsel of the confidentiality of any such testimony or exhibit, either contemporaneously during the deposition or within 30 days after receiving a copy of the deposition transcript. Each transcript so designated shall be treated as Confidential Information, and all such testimony so designated shall be treated as Confidential Information, except as otherwise agreed or ordered. For purposes of this Order, a deponent is "affiliated" with a party if he or she is a past or present officer, direct, shareholder, agent, employee, consultant, or representative of such party. All court reporters used to take depositions in this case will be informed of this Order and will be required to sign a non-disclosure agreement to operate in a manner consistent with this order.

       3.     No party or any person or entity acting on behalf of that party, including that party's counsel, shall distribute, share, provide, copy, email, use, scan, or in any way communicate, orally or verbally, to anyone for any purpose whatsoever the Confidential Information except as is necessary

for this litigation only. All Qualified Persons given access to Confidential Information shall keep all Confidential Information and the material contained therein confidential from all other persons and shall return to counsel for the producing party at the completion of that Qualified Person's review, consultation or representation in this case. Moreover, no party or any person or entity acting on behalf of that party, including that party's counsel, shall use the Confidential Information provided for any purpose other than for this litigation. Any Qualified Person who is not an employee of the parties' counsel shall sign the attached acknowledgment, marked Exhibit "A", confirming their review and agreement to the terms of this order before they accept or review Confidential Information.

4.  If at any time a party realizes that previously undesignated documents or other material should be designated as Confidential Information, the party may so designate by advising all other parties in writing specifically identifying the information and furnishing the correct designation. The designated documents or material will thereafter be treated as Confidential Information pursuant to this Order. Upon receipt of such designation in writing, the parties and other Qualified Persons shall take reasonable and appropriate action to retrieve any disclosure, dissemination, or use of such information prior to re-designation. A party shall not be deemed to have waived any right to designate materials as Confidential Information by allowing inspection of such material prior to a designation of such material as confidential or inadvertently failing to mark a document as confidential prior to disclosure of the same.

5.  Any party wishing to file any Confidential Information with the court, including any portion of a court filing that discloses Confidential Information, shall file the documents separately "under seal." When filing a motion, the filing party will cite to the court the grounds for filing the Confidential Information under seal.

6.  If a party contends that any document has been erroneously designated "Confidential" it shall nevertheless treat the document as confidential unless and until it either (a) obtains the Designating Party's written permission to do otherwise, or (b) brings a Motion to Vacate Confidential Designation before this Court and obtains an order of this Court stating that the document or information is not confidential and shall not be given confidential treatment. Upon bringing a Motion to Vacate Confidential Designation the burden falls upon the Designating Party to explain and justify why the subject "Confidential Discovery Material" or "Confidential Information" should be treated as confidential, and upon bringing the Motion, the confidential documents (if included as exhibits) will be filed under seal until otherwise designated by the Court that they are not confidential. Nothing in this Order shall constitute a waiver of any parties' right to object to the designation of a particular document as confidential.

7.  Except to the extent otherwise permitted by this Order, counsel shall keep all materials or information designated as Confidential Information and subject to this Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone other than those described in this Order.

8.  After termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. This Protective Order is and shall be deemed to be enforceable between the parties (and their agents and attorneys, to the extent permissible by the applicable rules of professional conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

9.     The court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the court.

The court hereby enters this Stipulated Protective Order, which shall be binding in this action.

Signed this        28th day of        _September_, 2022.

*Paul A. Engelmayer*

JUDGE PAUL A. ~~ENGELMA~~YER
ENGELMAYER